17-2043-cr
U.S. v. Burgos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

            v.                                                  17-2043-cr

ANGEL BURGOS,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Bruce R. Bryan, Syracuse, N.Y.

Appearing for Appellee:      Rajit S. Dosanjh, Assistant United States Attorney, *for* Grant C.
                             Jaquith, United States Attorney for the Northern District of New
                             York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Angel Burgos appeals from the April 16, 2014 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), sentencing Burgos principally to a term of 67-months' imprisonment for violating 18 U.S.C. § 922(g)(1) and § 924(a)(2) as a felon in possession of a firearm. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Burgos challenges the procedural and substantive reasonableness of his sentence. When a procedural error is not objected to below, we review only for plain error. *See United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015). Plain error in the context of procedural reasonableness requires a showing that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). We review the substantive reasonableness of sentences under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

Burgos argues that the district court was procedurally unreasonable in its failure to sufficiently explain in open court the reason for the particular sentence it imposed. The district court engaged in a colloquy with counsel for Burgos and the government regarding specific aspects of the Presentence Report, wherein the court referenced the Section 3553(a) factors informing its sentence:

> [I]f I look at Mr. Burgos and look at his criminal history and look at the fact that this crime was committed while he was on State parole and look at the fact that he shot somebody in the past and there were other weapons possessions and assault charges, I think that I can find a place within the Guideline range that would be adequate but not greater than necessary to punish him.

App'x at 58. When it came time to impose the sentence upon Burgos, however, the district court was brief:

> [T]he Court has to do two things in the sentencing process: First of all, correctly calculate the Guideline[s] Sentence; and then look at the sentencing factors in 18 U.S. Code, Section 3553(a), such as the need for punishment, the need to highlight the seriousness of the criminal activity and the danger in this case involved therein, the need to make the defendant understand the seriousness of his conduct, the need to protect the public from any further crimes that are associated with this type of conduct and other reasons as well.
>
> The Court finds your total offense level is a 21 and the criminal history category is a 4 and the Guideline imprisonment range is from 57 to 71 months.

2

So, upon your plea of guilty to Count 1 of the indictment, it's the judgment of this Court that you are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a period of 67 months.

App'x at 69-70. The district court did not formally adopt the findings of the PSR during the sentencing hearing.

The district court is statutorily obligated to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). In this case, although the district court merely recited several of the Section 3553(a) factors and repeated the Guidelines calculations when it came time to impose the sentence, it did state in open court its reasons for imposing a within-Guidelines sentence, albeit in the context of responding to certain of Burgos' objections to the PSR. Even if it is better practice for a sentencing judge to state its reasons at the time it imposes the sentence, we have never "insist[ed] upon 'robotic incantations,' *United States v. Corsey*, 723 F.3d 366, 376 (2d Cir. 2013), *as corrected* (July 24, 2013), but rather, have acknowledged that "the length and detail required of a district court's explanation varies according to the circumstances," *United States v. Cassesse*, 685 F.3d 186, 192-93 (2d Cir. 2012) (identifying no error in the district court's explanation of the sentence, which "technically occurred during the discussion of a different (but closely related) crime"). Here, the district court's explanation of its within-Guidelines sentence was sufficiently clear to fulfill its statutory duties.

In any event, any deficiency in the district court's articulation of the reasons for the sentence imposed in open court does not rise to the level of plain error given the circumstances of this case. "While we have found that failure to satisfy the open court requirements of § 3553(c) constitutes error, we also have found that the error does not constitute 'plain error' if the district court relies on the findings in the PSR, and the factual findings in the PSR are adequate to support the sentence." *United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007). Though the district court did not formally adopt the findings of the PSR, the sentencing transcript makes clear that the district court relied upon some aspects of the PSR to support the court's finding of its within-Guidelines sentence for Burgos. A court commits plain error when, among other things, the error "affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (internal quotation marks omitted). There was no such impact on the substantial rights of Burgos.

Burgos also argues that the sentence imposed was substantively unreasonable. "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal citation and quotation marks omitted). Burgos essentially asks this Court to engage in our own assessment of how the sentencing factors should have been weighed in this case. Because we cannot "substitute our own judgment for the district court's," and because there is no indication the sentence falls outside "the range of permissible decisions," the sentence was substantively reasonable. *Id.* (internal quotation marks omitted).

3

We have considered the remainder of Burgos' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk